UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GARLAND E. WILLIAMS

CIVIL ACTION

VERSUS

NO. 16-177-JJB-RLB

UNITED STATES DEPARTMENT
OF JUSTICE, ET AL.

NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 13, 2016.

_____

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GARLAND E. WILLIAMS

CIVIL ACTION

VERSUS

NO. 16-177-JJB-RLB

UNITED STATES DEPARTMENT
OF JUSTICE, ET AL.


MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On April 13, 2016, the Court granted Garland E. Williams' ("Plaintiff") Motion for Leave to Proceed in Forma Pauperis. (R. Doc. 2).  As Plaintiff is now proceeding in forma pauperis ("IFP"), the undersigned has performed a review, pursuant to 28 U.S.C. § 1915(e), to determine whether the complaint should be dismissed as frivolous or malicious, or whether it fails to state a claim on which relief may be granted.

I.      Nature of the Plaintiff's Allegations

Plaintiff filed the above-captioned matter in this District Court against a number of defendants: (1) the United States Department of Justice; (2) Eric Holder, former Attorney General of the United States; (3) Chief Judge Carl E. Stewart of the United States Court of Appeals for the Fifth Circuit; (4) District Court Judge Nannette J. Brown; (5) District Court Judge Helen G. Berrigan; (6) Magistrate Judge Michael B. North; (7) William W. Blevins, Clerk of Court; (8) Jacob Lew, Secretary of the United States Department of Treasury; (9) Magistrate Judge Daniel E. Knowles; (10) Magistrate Judge Greg N. Stivers; (11) Magistrate Judge Carolyn S. Ostby; (12) District Court Judge Susan P. Watters; (12) Don Johnson, former Secretary of the Kansas Department of Social Rehabilitation Services; (13) Chief Magistrate Judge Lawton Nuss;

1

(14) Lori L. Yockers, a Kansas hearing officer; (15) Chief Justice Bernette J. Johnson of the Louisiana Supreme Court; and (16) Rebecca S. Kennedy, a Louisiana hearing officer.

Plaintiff seeks relief under numerous Constitutional provisions. From a review of the Complaint, the Court understands that Plaintiff seeks relief from the enforcement of child support orders entered by state courts in Kansas and Louisiana. He asserts such orders are fraudulent and violate his constitutional rights. He seeks two trillion dollars.

On March 25, 2016, Plaintiff filed a document titled "Leave of Affidavit-Writ Motion of Evidence Submittal Request." (R. Doc. 4). While the document appears to be best construed as a motion to file evidence into the record, it includes a proposed judgment ordering a stay of the enforcement of the child support orders. Accordingly, the court construes the document as a dispositive motion.

## II.    Law and Analysis

### A.    Legal Standards

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

(i)      is frivolous or malicious;
(ii)     fails to state a claim on which relief may be granted; or
(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Dismissal under § 1915(e) may be made before service of process. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court

2

may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category

encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33;

*Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992)

("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly

incredible").  Pleaded facts which are merely improbable or strange are not frivolous. *Denton*,

504 U.S. at 33; *Ancar*, 964 F.2d at 468.

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii),

courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of

Civil Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).  When reviewing a

Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view

them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th

Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).  Nonetheless, "[f]actual

allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.

v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In most circumstances, a court should allow a plaintiff at least one chance to amend the

complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust

Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs

generally given one chance to amend before dismissal unless "it is clear that the defects are

incurable").  However, a court should deny leave to submit futile amendments that are

"insufficient to state a claim." *Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985).  In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3D 863, 873 (5th Cir. 2000).

### B.        Duplicative Litigation

Plaintiff's Complaint is largely duplicative of an earlier-filed action in the U.S. District Court for the Eastern District of Louisiana, and is accordingly subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Fifth Circuit has stated that "a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" is subject to dismissal under 28 U.S.C. § 1915(d) as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *see Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993).

On December 31, 2015, Plaintiff filed a nearly identical complaint in the U.S. District Court for the Eastern District of Louisiana. *See Garland E. Williams v. United States Department of Justice, et al.*, Civil Action No. 16-38 (E.D. La.).  After a frivolous review, Judge Brown adopted the report and recommendation of Magistrate Judge Knowles and dismissed the action without prejudice "for failure to state a cognizable claim in federal court and on the grounds of absolute immunity, sovereign immunity, and the Eleventh Amendment." *Williams v. United States Department of Justice*, No. 16-38, 2016 WL 1031289, at *1 (E.D. La. Mar. 14, 2016), *adopting report and recommendation*, 2016 WL 1039560 (E.D. La. Feb. 22, 2016).  The instant action duplicates the earlier action adjudicated in the Eastern District of Louisiana with the exception of additional claims added against Chief Judge Stewart, Judge Brown, and Magistrate Judge Knowles.

Accordingly, Plaintiff's claims should also be dismissed as malicious to the extent they are duplicative of the earlier-filed action dismissed by the Eastern District of Louisiana.

### C.     Absolute Immunity, Sovereign Immunity, and the Eleventh Amendment

Furthermore, Plaintiff's Complaint fails to state a claim on which relief may be granted, on the grounds of absolute immunity, sovereign immunity, and the Eleventh Amendment, and is accordingly subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).  In so finding, the court adopts the reasoning and analysis contained in the dismissal of the earlier action filed in the Eastern District of Louisiana as set forth below.

With regard to the district court judges, the magistrate judges, the Chief Judge of the Fifth Circuit, the Chief Justice of the Louisiana Supreme Court, the hearing officers (performing in their adjudicative roles), and the Clerk of Court, Blevins, it is well settled that these individuals are protected by absolute immunity for actions taken in their judicial/official capacity. *See In re Foust*, 310 F.3d 849, 855 (5th Cir. 2002) (citing *Mays v. Sudderth*, 97 F.3d 107, 109-113 (5th Cir. 1996)); *see also Cleavinger v. Saxner*, 474 U.S. 193 (1985) (professional hearing officers); *Clay v Allen*, 242 F.3d 679 (5th Cir. 2001) (clerks of court).  Essential policy considerations support this grant of absolute judicial immunity.  These individuals' roles in the judicial system require that they enjoy the "freedom to determine the law unfettered by the threat of collateral attacks" against them personally. *Mays*, 97 F.3d at 111.  "The independence of the judiciary must not be sacrificed one microscopic portion of a millimeter, lest the fears of section 1983 intrusions cow the judge from his duty." *McAlester v. Brown*, 469 F.2d 1280, 1283 (5th Cir. 1972).  Moreover, a judge does not lose immunity even if he was in error, took action maliciously, or acted in excess of his authority. *Id.* at 1282-83.  Rather, absolute immunity

5

"extends to all judicial acts, unless the acts were performed in the clear absence of jurisdiction."

*Bourgeois v. Par. of Jefferson*, 20 F.3d 465 (5th Cir. 1994)

The allegations in the Complaint challenge these individuals' actions taken in their official capacities as adjudicative individuals, *i.e.*, their actions in ruling on his child-support responsibilities and the dismissal of his claims in an earlier suit that he filed in the U.S. District Court for the Eastern District of Louisiana. *See Williams v. Kans. State Dep't of Soc. & Rehab. Serv.*, Civ. A. No. 14-1663 (E.D. La.).  Indeed, Plaintiff appears to seek to enter into the record various judicial opinions and orders issued by the foregoing individuals in support of his allegations. (R. Doc. 4-1 at 1).

Moreover, sovereign immunity bars Plaintiff's suit against the Department of Justice, Holder, and Lew.  Sovereign immunity bars any monetary claim against these individuals in their official capacities as it is a claim against the United States. *See Smart v. Holder*, 368 Fed. Appx. 591, 593 (5th Cir. 2010).  Nothing in Plaintiff's Complaint or motion supports a contrary conclusion.

Finally, with regard to Johnson, the former Secretary of the Kansas Department of Social Rehabilitation Services, the Court notes that the Eleventh Amendment bars a suit by a citizen of another state against a state. *Edelman v. Jordan*, 415 U.S. 651 (1974).  Any suit against a state official for monetary damages is a claim against a state and is barred by the Eleventh Amendment. *See id.* at 662.

## III.    Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's "Leave of Affidavit-Writ Motion of Evidence Submittal Request." (R. Doc. 4) be **DENIED**.

6

**IT IS FURTHER RECOMMENDED** that this lawsuit be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Signed in Baton Rouge, Louisiana, on April 13, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE